UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TROY NORMAN MINEO,

    Plaintiff,

v.                                                       CASE NO. 8:19-cv-3180-T-36JBT

ANDREW M. SAUL,
Commissioner of the
Social Security Administration,

    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint ("Motion") (Doc. 14) and Plaintiff's Response thereto (Doc. 15). For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Motion be **GRANTED** and that Plaintiff's Complaint (Doc. 1) be **DISMISSED** for lack of subject matter jurisdiction.

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

**I.      Summary of Recommendation**

In short, Plaintiff asks this Court to directly interfere in Defendant's administrative process because he believes that the Administrative Law Judge ("ALJ") assigned to his case is treating him unfairly by denying him a hearing. However, Plaintiff has a clear remedy before the Appeals Council, which he is simultaneously pursuing. Although Plaintiff's frustration with the administrative process may or may not be justified, the undersigned recommends that the Court does not have subject matter jurisdiction because Plaintiff clearly has not exhausted his administrative remedies. Moreover, because the administrative process is not yet complete, Plaintiff does not have a colorable constitutional claim that he has been denied due process. In addition, the Court does not have mandamus jurisdiction. Thus, the undersigned recommends that Plaintiff's Complaint be dismissed for lack of subject matter jurisdiction.

**II.     Background**

The Complaint alleges that on October 2, 2015, Plaintiff filed applications for a period of disability, disability insurance benefits, and supplemental security income, which were denied initially on March 3, 2016, and on reconsideration on April 22, 2016. (Doc. 1 at 2.) On June 7, 2016, Plaintiff requested a hearing before an ALJ. (*Id.*) On October 12, 2017, Plaintiff attended a hearing before an ALJ and was granted a continuance so that he could obtain representation. (*Id.*) Thereafter, Plaintiff retained his current counsel, and on November 2, 2017, a Notice of Hearing for January 18, 2018 was issued. (*Id.*)

On December 28, 2017, Plaintiff submitted a request to postpone the hearing on the grounds that he had only recently retained counsel. (*Id.*) On January 11, 2018, an employee of Plaintiff's attorney allegedly received a phone call from the Office of Hearing Operations advising that Plaintiff's hearing had been postponed. (*Id.* at 3.) Thus, neither Plaintiff nor his attorney attended the hearing on January 18, 2018. (*Id.*) On February 27, 2018, the ALJ dismissed the request for hearing based on the failure of Plaintiff and his attorney to attend the hearing and the ALJ's finding of a lack of good cause for such failure. (Doc. 1-5 at 6.)

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's dismissal order. (Doc. 1 at 3.) On August 18, 2018, the Appeals Council remanded the case back to the ALJ, and instructed him to consider an affidavit from Plaintiff's counsel's employee regarding the telephone call she allegedly received about the hearing being postponed. (*Id.* at 4.)

On October 23, 2019, the ALJ again dismissed the request for hearing, and again found, despite the subject affidavit, that good cause did not exist for Plaintiff's failure to attend the prior hearing. (*Id.* at 5; Doc. 1-9 at 6.) The Notice of Dismissal accompanying the Order of Dismissal clearly indicated that it, like the first dismissal order, was subject to review by the Appeals Council. (Doc. 1-9.) On October 30, 2019, Plaintiff sent the ALJ a letter asking that he withdraw the Order of Dismissal and schedule the case for a hearing. (Doc. 1 at 5.) The ALJ denied that request. (*Id.*)

3

In the Complaint, Plaintiff makes no mention of the fact that he appealed the October 23, 2019 dismissal order to the Appeals Council on December 23, 2019, four days before the Complaint was filed in this Court. That fact is supplied by the Commissioner. (Doc. 14 at 4.) In Plaintiff's Response, he concedes that "the present case is currently pending before the Appeals Council," but he argues that "the Appeals Council cannot provide the Plaintiff with the adequate remedy because it has no authority to decide constitutional claims." (Doc. 15 at 17.)

### III.     Analysis

#### A.     Jurisdictional Attacks

Plaintiff bears the burden of establishing subject matter jurisdiction. *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005). A party may attack subject matter jurisdiction under Rule 12(b)(1) by either a facial attack or a factual attack. *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003). When the jurisdictional attack is facial, the court will look to the complaint to determine whether the plaintiff has sufficiently alleged subject matter jurisdiction. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990). "Factual attacks, on the other hand, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* at 1529 (quotations omitted).

The Commissioner argues that the Court does not have subject matter jurisdiction to consider this case, and to support his argument, relies on extrinsic evidence. However, the only material fact added by the Commissioner is the

4

existence of Plaintiff's presently pending appeal before the Appeals Council, which Plaintiff does not dispute.[2] (*See* Docs. 14-6, 14-7, 14-8.)  Thus, although the Commissioner's attack is factual, the Court need not decide any disputed facts.

### B. Federal Court Review of Social Security Decisions in General

Section 405(g) of Title 42 provides in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g).  Further, 42 U.S.C. § 405(h) provides:

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing.  No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.  No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h).

In general, 42 U.S.C. § 405(g), which requires exhaustion of administrative remedies, is the sole avenue for judicial review of the Commissioner's decisions.

---

[2] The Commissioner also notes that the Appeals Council will not take action on the appeal while this case is pending.  (Doc. 14 at 4; Doc. 14-8 at 4.)

*See Heckler v. Ringer*, 466 U.S. 602, 627 (1984); *Mathews v. Eldridge*, 424 U.S. 319, 327–28 (1976).  "On its face [Section] 405(g) . . . bars judicial review of any denial of a claim of disability benefits until after a 'final decision' by the Secretary after a 'hearing.'"  *Eldridge*, 424 U.S. at 328 (noting, however, that the requirement of administrative exhaustion may be waived).  "A claimant obtains the Commissioner's 'final decision' after completing the four steps of the administrative review process: (1) initial determination; (2) reconsideration determination; (3) hearing before an ALJ; and (4) Appeals Council review."  *Wright v. Colvin*, Case No. 3:12-cv-1007-J-32TEM, 2013 WL 5567409, at *3 (M.D. Fla. Oct. 9, 2013).

"[T]o obtain review in federal court under § 405(g), a social security claimant must have . . . completed each of the steps of the administrative review process unless exhaustion has been waived."  *Anderson v. Comm'r, SSA*, 544 F. App'x 861, 862 (11th Cir. 2013).[3]  "[A]n Appeals Council review determination, on whatever grounds, is perceived as the appropriately 'final decision' from which to take an appeal to the district court under section 405(g)."  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1237 (11th Cir. 1983) (footnote omitted).

---

[3] Although unpublished Eleventh Circuit decisions are not binding precedent, they may be persuasive authority on a particular point.  *See, e.g.*, *Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 (11th Cir. 2018) ("Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive.").  Rule 32.1 of the Federal Rules of Appellate Procedure expressly allows citation to federal judicial unpublished dispositions that have been issued on or after January 1, 2007.  Fed. R. App. P. 32.1(a).

## C. Plaintiff Has Failed to Exhaust His Administrative Remedies

The undersigned recommends that the Court lacks subject matter jurisdiction over Plaintiff's claim because Plaintiff's request for review remains pending before the Appeals Council. *See Wood v. Berryhill*, Case No. CV 316-096, 2017 WL 693276, at *1 (S.D. Ga. Feb. 21, 2017) ("If . . . Plaintiff filed an appeal with the Appeals Council and that appeal is presently pending, Plaintiff has also not yet received a final decision from the Commissioner."). Thus, Plaintiff has not exhausted his administrative remedies and the Commissioner has not rendered a final decision.

> Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.

*Crayton v. Callahan*, 120 F.3d 1217, 1222 (11th Cir.1997) (quoting *Salfi*, 422 U.S. at 765). The above principles apply in this case. Plaintiff is asking the Court to directly and prematurely interfere in the administrative process and not give Defendant the opportunity to render a final decision and correct any mistakes.

## D. Plaintiff Does Not Raise a Colorable Constitutional Claim

Notwithstanding the general rule requiring exhaustion before judicial review may be had:

> Exhaustion may be excused when the only contested

7

> issue is constitutional, collateral to the consideration of claimant's claim, and its resolution therefore falls outside the agency's authority as in *Eldridge*. Exhaustion may be impractical and inconsistent with the exhaustion principles when a judicial determination has been made that the agency's procedure is illegal.

*Crayton*, 120 F.3d at 1222. *See Eldridge*, 424 U.S. at 331 (holding that the court had jurisdiction to consider the "colorable" constitutional claim that a hearing was required prior to the termination of benefits); *Elchediak v. Heckler*, 750 F.2d 892 (11th Cir. 1985) (holding that the plaintiff raised a "colorable constitutional" claim that his mental illness prevented him from understanding his administrative remedies).

In this case, Plaintiff argues that he has "raised a colorable constitutional claim because [he] is seeking a review of the Defendant's denial of hearing to which the Plaintiff was statutorily entitled."[4]  (Doc. 15 at 8.)  However, as one court in this district has stated, "the plaintiff cannot plausibly argue that he was not afforded due process when he attempted to bypass the administrative appeals process." *Scott v. Berryhill*, Case No. 8:18-cv-392-T-23TGW, 2018 WL 6592755, at *6 (M.D. Fla. Nov. 27, 2018), report and recommendation adopted, Case No. 8:18-cv-392-T-23TGW, 2018 WL 6589775 (M.D. Fla. Dec. 14, 2018).  In addition, the Eleventh Circuit Court of Appeals has noted that "[i]n the exhaustion context, we have indicated that an allegation of a due process violation that the petitioner

---

[4] Plaintiff does not argue that the Commissioner has waived the exhaustion requirement.

8

was denied a full and fair hearing was precisely the type of procedural error that required exhaustion, and over which we lacked jurisdiction in the absence of such exhaustion." *Gonzalez v. U.S. Attorney Gen.*, 729 F. App'x 853, 856 (11th Cir. 2018) (citations and quotations omitted). *See also Harris v. Bowen*, Case No. C86-1040A, 1987 WL 123920, at *2 (N.D. Ga. Mar. 26, 1987) ("A claim is not colorable if it 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial or frivolous.'").

In this case, Plaintiff not only has an available administrative remedy through review by the Appeals Council, but he is also pursuing that remedy. Moreover, Plaintiff's lawsuit herein does not appear "collateral" to his claim because the Complaint demands in part that his claim for benefits be allowed. (Doc. 1 at 7.) In addition, Defendant has the authority to provide any of the relief Plaintiff seeks in this case, except for attorneys' fees and costs. (*Id.*) Accordingly, the undersigned recommends that Plaintiff has not raised a "colorable constitutional claim" within the meaning of the above cases.

### E.     Mandamus Jurisdiction is Not Available

Although it is unclear exactly what mandamus relief Plaintiff is requesting, the undersigned recommends that Plaintiff is not entitled to any such relief. (*See* Doc. 1 at 6–7.) "Mandamus relief is only appropriate when: (1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy [is] available. Put another way, a writ of mandamus is intended to provide a remedy for a plaintiff only if he has exhausted all other

avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Cash v. Barnhart*, 327 F.3d 1252, 1258 (11th Cir. 2003) (citations and quotations omitted).

Preliminarily, "[b]oth[] the Supreme Court and the Eleventh Circuit have repeatedly declined to decide whether § 405(h) bars an action for mandamus." *Brooks v. Comm'r of Soc. Sec.*, Case No. 6:18-cv-54-Orl-TBS, 2018 WL 3536079, at *5 (M.D. Fla. July 23, 2018).  However, even if mandamus relief is sometimes available, the undersigned recommends that Plaintiff is clearly not entitled to it.  As discussed, Plaintiff has a clear avenue of relief before the Appeals Council which has not been exhausted.[5]  Thus, this case is distinguishable from *Counts v. Commissioner of Social Security*, Case No. 6:09-cv-2157-Orl-22KRS, 2010 WL 5174498 (M.D. Fla. Dec. 15, 2010), cited by Plaintiff (Doc. 15 at 8), in which the plaintiff exhausted his administrative remedies before filing suit by first seeking review by the Appeals Council, which denied the request.  Thus, the undersigned recommends that this Court does not have mandamus jurisdiction in this case.

---

[5] To the extent Plaintiff alleges jurisdiction under 28 U.S.C. § 1331 or 28 U.S.C. § 1343, the undersigned recommends that neither of those statutes are applicable in this case.  Section 405(h) explicitly states that no action against the Commissioner can be brought under 28 U.S.C. § 1331.  *See* 42 U.S.C. § 405(h).  Additionally, Plaintiff cannot bring a civil rights claim against the Commissioner under 28 U.S.C. § 1343.  *See Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 621 (1979) (stating that "[t]he Social Security Act does not deal with the concept of 'equality' or with the guarantee of 'civil rights,'" and "does not fall within the terms of either [28 U.S.C.] § 1343(3) or (4)").

### IV. Conclusion

The undersigned recommends that the Motion be granted and Plaintiff's Complaint be dismissed for lack of subject matter jurisdiction.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 14**) be **GRANTED**.

2. The case be **DISMISSED** for lack of subject matter jurisdiction.

3. The Clerk of Court be directed to close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on June 4, 2020.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Charlene Edwards Honeywell
United States District Judge

Counsel of Record

11