UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TROY NORMAN MINEO,

    Plaintiff,

v.                                          Case No: 8:19-cv-3180-T-36JBT

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## **ORDER**

    This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Joel B. Toomey [Doc. 16] regarding Defendant's Motion to Dismiss Plaintiff's Complaint, Plaintiff's objections [Doc. 17], and Defendant's response [Doc. 18]. The magistrate judge has recommended granting Defendant's Motion to Dismiss Plaintiff's Complaint and dismissing the complaint for lack of subject matter jurisdiction. [Doc. 18 at p. 1]. The Court, having considered the report and recommendation, Plaintiff's objections, and Defendant's response, and being fully advised in the premises will **OVERRULE** the objections, **ADOPT** the Report and Recommendation and **GRANT** Plaintiff's motion to dismiss.

    I.    BACKGROUND

    Plaintiff filed this lawsuit on December 27, 2019, alleging that an administrative law judge denied him due process—by denying him a hearing on his claim for disability and social security benefits and dismissing his claim—and that he is entitled

to mandamus. [Doc. 1]. Based on the complaint, Plaintiff's claims were denied in 2016 and, thereafter, Plaintiff requested a hearing by an administrative law judge. *Id.* ¶¶ 4-6. A hearing was eventually set, but Plaintiff did not attend that hearing after requesting that it be postponed and allegedly receiving confirmation from an employee at the St. Petersburg Office of Hearing Operations that it had been postponed. *Id.* ¶¶ 7-12. The administrative law judge subsequently issued a notice of dismissal which indicated that neither Plaintiff nor a representative appeared at the hearing. *Id.* ¶ 12. Plaintiff subsequently sought to vacate the dismissal and appealed the dismissal. *Id.* ¶¶ 15-16. Ultimately, on November 20, 2019, after further attempts by Plaintiff, the administrative law judge denied the requests to vacate the Order and explained that the dismissal remained in effect. *Id.* ¶¶25-26

Defendant moved to dismiss the lawsuit on April 15, 2020, arguing Plaintiff failed to establish the Court's subject matter jurisdiction and failed to state a claim. [Doc. 14 at p. 1]. There, Defendant explained that dismissal was required because there was a lack of administrative exhaustion and Plaintiff could not satisfy the requirements for mandamus. *Id.* at pp. 7-21. In response, Plaintiff argued that the Court has jurisdiction because the administrative law judge violated his rights to due process by depriving him of a fair opportunity to explain why neither he nor his representative appeared at the hearing and depriving him of his constitutional right to be heard. [Doc. 15 at pp. 6-15. Plaintiff also argued that mandamus is proper because the Commissioner violated his clear duty to provide him with the requisite hearing and he has no further remedy. *Id.* at pp. 15-17.

The magistrate judge reviewed the mater and determined that because Plaintiff has not exhausted his administrative remedies and because the administrative process is not yet complete, Plaintiff does not have a colorable constitutional claim that he has been denied due process. [Doc. 16 at pp. 2, 7-9]. In fact, the magistrate judge noted that Plaintiff not only has an available administrative remedy through review by the Appeals Council but is also pursuing that remedy. *Id.* at p. 9. As to Plaintiff's request for mandamus, the magistrate judge explained that such relief is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief, which Plaintiff has not done in this case. *Id.* at pp. 9-10. The magistrate therefore recommends that the Court grant the motion to dismiss. *Id.* at p. 11.

II.   LEGAL STANDARD

Federal Rule of Civil Procedure 72(b)(2), in pertinent part, provides that "a party may serve and file specific written objections to the proposed findings and recommendations" of a magistrate judge. The district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990). The district judge may accept, reject, or modify, in whole or in part, the Report and Recommendation. Fed. R. Civ. P. 72(b)(3). The district judge may also receive further evidence or recommit the matter to the magistrate judge with further instructions. *Id.*

### III. DISCUSSION

"Under 42 U.S.C. § 405(g), the section which gives the federal court jurisdiction of claims under this statute, a claimant must satisfy two jurisdictional prerequisites to obtain judicial review of an agency decision." *Crayton v. Callahan*, 120 F.3d 1217, 1220 (11th Cir. 1997). The Eleventh Circuit Court of Appeals has identified the prerequisites as follows:

> *First,* the individual must have presented a claim for benefits to the Secretary. *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). *Second,* the claimant must have exhausted the administrative remedies.
>
> This means claimant must have completed each of the steps of the administrative review process unless exhaustion has been waived.

*Id. Mantz v. Soc. Sec. Admin.*, 486 F. App'x 845, 846 (11th Cir. 2012) ("[T]o obtain review under § 405(g), a Social Security claimant must have presented a claim for benefits to the Commissioner and exhausted her administrative remedies.") (citing *Crayton v. Callahan,* 120 F.3d 1217, 1220 (11th Cir.1997). Importantly, " 'final decision' is *not* synonymous with complete exhaustion of administrative remedies." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1237 (11th Cir. 1983). "The administrative review process includes an initial determination, reconsideration, a hearing before an ALJ, and review by the Appeals Council." *Anderson v. Comm'r, SSA*, 544 F. App'x 861, 862 (11th Cir. 2013) (citing 20 C.F.R. § 404.900(a)(1)-(4)). However, "[e]xhaustion may be excused when the only contested issue is constitutional, collateral to the

consideration of claimant's claim, and its resolution therefore falls outside the agency's authority." *Crayton*, 120 F.3d at 1222.

In his objection to the report and recommendation, Plaintiff contends that exhaustion would be futile because the Appeals Council does not have the authority to decide the constitutional claim that he was deprived of his right to a hearing. [Doc. 17 at pp. 1-2. On this basis, Plaintiff contends that the Court has mandamus jurisdiction. The Court fully agrees with the well-reasoned recommendation of the magistrate judge and the motion to dismiss should be granted for the reasons provided in the recommendation.

Here, there is no collateral constitutional issue that would allow the Court to excuse compliance with the requirement to exhaust administrative remedies. "[A]n allegation of a due process violation that the petitioner was denied a full and fair hearing [is] precisely the type of procedural error that required exhaustion, and over which [courts] lack[] jurisdiction in the absence of . . . exhaustion." *Gonzalez v. U.S. Attorney Gen.*, 729 F. App'x 853, 856 (11th Cir. 2018) (citing *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1251 (11th Cir. 2006)). Plaintiff alleges that he was denied a hearing and does not dispute that a request for review as to the dismissal of his hearing request remains pending before the Appeals Council. The guiding principles of exhaustion dictate that Plaintiff complete the administrative review process prior to obtaining review under § 405(g). As such, the Court does not have jurisdiction over this case.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiff's Objections to the Report and Recommendation [Doc. 17] are **OVERRULED**.

2. The Report and Recommendation of the Magistrate Judge [Doc. 16] is **adopted, confirmed, and approved** in all respects and is made a part of this Order for all purposes, including appellate review.

3. Defendant's Motion to Dismiss Plaintiff's Complaint [Doc. 14] is **GRANTED**.

4. This case is **DISMISSED** for lack of subject matter jurisdiction.

5. The Clerk is directed to close this case.

**DONE AND ORDERED** in Tampa, Florida on December 16, 2020.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Magistrate Judge Joel B. Toomey
Counsel of Record and Unrepresented Parties, if any